**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TERENCE NDI NYONGBELA** **PETITIONER**

**V.** **CIVIL ACTION No. 5:26-CV-154-DCB-BWR**

**RAFAEL VERGARA** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("Report") [ECF No. 13] of the United States Magistrate Judge entered herein on September 15, 2026, in this action brought pursuant to 28 U.S.C § 2241. In the Report, Judge Rath recommended that Petitioner's Petition [ECF No. 1] be dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated under 8 U.S.C. § 1225(b) and does not violate the Fifth Amendment's Due Process Clause. Petitioner, proceeding pro se, has timely filed objections to the Report by his deadline of September 29, 2026.

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court

will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed Petitioner's Petition [ECF No. 1], Petitioner's Objection to the Report [ECF No. 14], and the related filings. Upon consideration, the Court finds that Petitioner fails to point to any error of law or fact in the Report and Recommendation. Instead, Petitioner recites and re-urges the arguments set forth in his Petition [ECF No. 1]. He states, "I needed [sic] to be free from detention," "you should order ICE to release me on an order of supervision," and "if I can not been remove [sic] to any other country, please order ICE to release me on an order of supervision." See [ECF No. 14]. Such generalized objections are insufficient; they merely repeat those Petitioner asserts in his petition and do not equate to a substantive objection.

Further, although Petitioner argues that he was unable to appeal the immigration judge's decision because of the Circumvention of Lawful Pathway[1] rule ("CLP"), the merits of his immigration case are not before this Court. As such, Petitioner's argument regarding the CLP is "frivolous" and need not be considered. See Battle, 834 F.2d at 421.

Lastly, Petitioner contends that he is "fighting a different type of sickness in detention" and that he "can barely see well." [ECF No. 14 at 3]. To the extent this argument is broadly construed to object to the conditions of Petitioner's confinement, the Court declines to address these contentions under a § 2241 petition. See Boyle v. Wilson, 814 Fed.Appx. 881, at 882 (5th Cir. 2020)(holding a § 2241 habeas petition is not the proper vehicle for claims regarding the conditions of confinement).

In his Report, Judge Rath determined, after a thorough review of the applicable law, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1). The Court agrees. "Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have

[1] The Circumvention of Lawful Pathways rule established a rebuttable presumption of asylum ineligibility for certain noncitizens who enter the United States after transferring through another country without pursuing specified lawful pathways or seeking protection there. See Circumvention of Lawful Pathways, 88 Fed. Reg. 31314 (May 16, 2023) (codified at 8 C.F.R. §§ 208, 1208). The rule was vacated by the Northern District of California in May 2026. E. Bay Sanctuary Covenant v. Trump, No. 18-CV-06810-JST, 2026 WL 1256873 (N.D. Cal. May 7, 2026).

concluded." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). Because Petitioner is detained under § 1225(b)(1) he is subject to mandatory detention.

Further, Judge Rath concludes that § 1225(b)(1) does not invoke any statutory right to a bond hearing and does not impose a limit on the length of detention. The Court agrees. "[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." Id. Thus, Petitioner has no right to a bond hearing under § 1225(b).

Lastly, Judge Rath concludes that Petitioner has no entitlement to procedural rights outside of those established by statute because he was apprehended at his initial entry. The Court agrees. It is well established that an alien who is detained at his initial entry, like Petitioner, is strictly limited to statutorily created rights that may not extend to those provided under the Due Process Clause. See Dep't of Homeland Security v. Thuraissigiam, 591 U.S. 103, 107 (2020)(holding that an alien apprehended at the threshold of initial entry is not afforded greater rights under the Due Process Clause); see also Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953) (stating "Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.")(internal citations and quotation omitted).

After engaging in a de novo review of the record and an independent assessment of the law, the Court finds that the Magistrate Judge did not err.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation [ECF No. 13] be, and the same hereby is, adopted as the finding of this Court. Consequently, Petitioner's Petition [ECF No. 1] is hereby denied and dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 7 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE